UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JACQUELINE P. RHODES,

    Plaintiff,

v.                                            CASE NO.  8:07-CV-18-T-MAP

MICHAEL J. ASTRUE,[1]
Commissioner of Social Security,

    Defendant.
_____/

## ORDER

Pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), Plaintiff seeks review of the Commissioner's decision denying her claim for period of disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI").[2]  In summary, she argues the Administrative Law Judge ("ALJ") erred in finding the Plaintiff to be not entirely credible; in failing to address the side effects from the Plaintiff's medications, and in relying on erroneous testimony by the vocational expert ("VE").  After reviewing the record, I find that the ALJ's credibility finding is supported by substantial evidence and the ALJ appropriately addressed the Plaintiff's side effects.  However, I find that a remand is necessary to further develop the record because of the ALJ's reliance on erroneous testimony by the VE.

    *A. Background*

The Plaintiff, who was 46 years old at the time of her administrative hearing, has a two-

---

[1] Michael J. Astrue replaced Jo Anne B. Barnhart as Commissioner of Social Security effective February 12, 2007.

[2] The parties have consented to proceed before me pursuant to 28 U.S.C. § 636(c) (doc. 12).

year degree in interior and art design and prior work experience as an interior decorator, financial services clerk, sales associate, receptionist, and data entry clerk (R. 548–50). The Plaintiff alleges that she became disabled on February 9, 2000 (R. 54). Following a July 12, 2006, hearing, the ALJ denied benefits. On November 2, 2006, the Appeals Council denied review. The Plaintiff then filed this suit.

      *B. Standard of Review*

The Social Security Administration, in order to regularize the adjudicative process, promulgated the detailed regulations that are currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520; 416.920. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. §§ 404.1520(a); 416.920(a). Under this process, the Secretary must determine, in sequence, the following: whether the claimant is currently engaged in substantial gainful activity; whether the claimant has a severe impairment, i.e., one that significantly limits the ability to perform work-related functions; whether the severe impairment meets or equals the medical criteria of Appendix 1, 20 C.F.R. Subpart P; and whether the claimant can perform her past relevant work. If the claimant cannot perform the tasks required of her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of her age, education, and work experience. A claimant is entitled to benefits only if unable to perform other work. See *Bowen v. Yuckert*, 482 U.S. 137 (1987); 20 C.F.R. §§ 404.1520(f), 416.920(f).

In reviewing the ALJ's findings, this court must ask if substantial evidence supports them. *Richardson v. Perales*, 402 U.S. 389 (1971). The ALJ's factual findings are conclusive if

"substantial evidence" consisting of "relevant evidence as a reasonable person would accept as adequate to support a conclusion" exists. See 42 U.S.C. § 405(g); *Keeton v. Department of Health and Human Services*, 21 F.3d 1064 (11th Cir. 1994). The court may not reweigh the evidence nor substitute its own judgment for that of the ALJ even if it finds that the evidence preponderates against the ALJ's decision. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he has conducted the proper legal analysis, mandates reversal. *Keeton*, 21 F.3d at 1066; *Jamison v. Bowen*, 814 F.2d 585 (11th Cir. 1987) (remand for clarification).

   *C. The ALJ's Findings*

The ALJ determined that the Plaintiff had the following severe physical and mental impairments: history of mitral valve prolapse; history of cervical strain/sprain, with recent evidence of degenerative disc disease; migraine headaches; trigeminal neuralgia;[3] history of lumbar strain/sprain; and obesity; depression and post-traumatic stress disorder (R. 12). These impairments, however, did not meet or equal in severity the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. Nonetheless, her residual functional capacity restricted her to a limited range of sedentary work activities that required: a sit/stand option exercisable at will; no climbing; only occasionally balancing, stooping, kneeling, crouching, and crawling; must avoid working around hazards; and "limited to performing unskilled, low stress work

---

   [3] Trigeminal neuralgia is a "disorder of the fifth cranial (trigeminal) nerve that causes episodes of intense, stabbing, electric shock-like pain in the areas of the face where the branches of the nerve are distributed – lips, eyes, nose, scalp, forehead, upper jaw, and lower jaw" (R. 289).

activities defined as routine, repetitive, entry-level, one- to two-step tasks involving things rather than people" (R. 15). While the Plaintiff's medically determinable impairments could reasonably be expected to produce the alleged symptoms, but the ALJ concluded her statements concerning the intensity, persistence and limiting effects of these symptoms were not entirely credible (R. 16). Accordingly, the ALJ found that the Plaintiff could not perform her past relevant work, but found, based on the testimony of a VE, that she could perform work such as charge account clerk, surveillance systems monitor, and assembler (R. 17–18). Hence, the ALJ found that the Plaintiff was not disabled.

    *D. Discussion*

        *1. the ALJ's credibility findings regarding Plaintiff's subjective complaints*

The Eleventh Circuit has established a three-part "pain standard" that applies to claimants that attempt to establish a disability through their own testimony of subjective complaints. The standard requires evidence of an underlying medical condition and either (1) objective medical evidence that confirms the severity of the alleged pain arising from that condition, or (2) that the objectively determined medical condition is of such a severity that it can reasonably be expected to give rise to the alleged pain. *See Holt v. Sullivan*, 921 F.2d 1221 (11th Cir. 1991). When the ALJ decides not to credit a claimant's testimony as to subjective symptoms, he must articulate explicit and adequate reasons for doing so. *Foote v. Chater*, 67 F.3d 1553, 1561-62 (11th Cir. 1995). A reviewing court will not disturb a clearly articulated credibility finding with substantial supporting evidence in the record. *Id.* at 1562*.*

In finding the Plaintiff not fully credible, the ALJ observed, *inter alia*, that the Plaintiff's headaches and trigeminal neuralgia responded well to medication, that she receives no mental

4

health treatment and has had good demeanor during frequent examinations, and that there is evidence of "significant activities of daily living, including cooking, shopping, cleaning, going out with friends, etc., which also belie the claimant's complaints of severely incapacitating physical and mental impairments and resulting limitations" (R. 16). The ALJ also noted that Dr. Alain Delgado, the Plaintiff's treating neurologist, stated "the claimant could return to work and that her presentation was frequently suspicious of exaggeration" (R. 16).

The Plaintiff contends that this credibility finding is "flawed" because the ALJ "mischaracterized" the opinions of Dr. Delgado. *See* Plaintiff's Memorandum at 7. Plaintiff contends that Dr. Delgado's statements regarding the Plaintiff's "embellishment" of her symptoms referred only to her complaints of vertigo, not her migraines or trigeminal neuralgia. Plaintiff's counsel also states that he could not locate in the medical records any statement by Dr. Delgado that the Plaintiff could return to work. *See* Plaintiff's Memorandum at 11.

Dr. Delgado's records support the ALJ's determination that the Plaintiff's headaches and trigeminal neuralgia responded well to treatment. The records from April 13, 2006 state "Ms. Rhodes presents today in follow-up with history of trigeminal neuralgia and migraine headaches with episodic breakthrough pain but doing well on current regimen" (R. 524). The records from January 9, 2006, likewise note that the headaches and trigeminal neuralgia "seem to be well-treated" on the medication (R. 526).

Dr. Delgado provides generous support for his suspicion that the Plaintiff was exaggerating her symptoms. He noted, for instance, "During normal conversation, patient has no difficulty with tracking or keeping her eyes open. However, on direct visualization examination the patient starts fluttering her eyes and has difficulty following a finger, stating

that she becomes very dizzy. I did not see any evidence for nystagmus"[4] (R. 531). Dr. Delgado also stated, "during routine conversation, patient moves upper extremities without difficulty. However, when asked on direct testing to put her arms in front of her, she can barely lift them off her lap symmetrically" (R. 531). He stated further, "Although she describes slurred speech, I did not see any difficulties along those lines either. When directly asked and tested regarding her speech, she seemed to have difficulties, but then during normal conversation her speech was fine" (R. 531). Finally, Dr. Delgado observed "[n]o facial weakness during conversation; but then on direct testing, patient again had difficulty smiling out of both sides" (R. 531). Dr. Delgado concluded that these findings suggested "embellishment" (R. 532, 526).

While this Court's review of Dr. Delgado's medical records found no specific statement that the Plaintiff could return to work, this fact alone is not grounds for reversal, where the ALJ's finding otherwise has strong support in the fact that the Plaintiff's treating neurologist suspected that the Plaintiff was exaggerating her symptoms and the medical records indicated her headaches and trigeminal neuralgia were under control with the medication. In sum, I conclude that the ALJ's determination regarding the Plaintiff's credibility is supported by substantial evidence.

    *2. medication side effects*

The Plaintiff contends that the ALJ "erred by not conducting a proper assessment of whether the Plaintiff experienced adverse side effects, as a result of her prescribed medications,

---

[4] Nystagmus is "the rapid jerking movement of the eyes in one direction alternating with a slower drift back to the original position[], which occurs repeatedly during an episode of vertigo." *See* http://www.merck.com/mmhe/sec06/ch080/ch080c.html#sec06-ch080-ch080b-286

and whether these symptoms could be considered impairments." *See* Plaintiff's Memorandum at 7. Contrary to the Plaintiff's claim, the ALJ's decision explicitly addressed the Plaintiff's alleged side effects: "[d]rowsiness, fatigue, and weakness were also reported to be side effects from the medication" (R. 15). However, he found that her statements regarding the limiting effects of her symptoms were "not entirely credible," a finding that is supported by substantial evidence, as stated above.

### 4. *VE testimony*

Plaintiff contends that the ALJ relied on erroneous testimony by the VE. Although the ALJ's hypothetical requested that the VE evaluate the availability of sedentary jobs that involve "primarily working with things rather than people" (R. 573–74), two of the three jobs cited by the VE involve significant dealings with people: surveillance system monitor (DOT Number 379.367-010) and charge account clerk (DOT Number 205.367-014) (R. 574). Moreover, regarding the third job identified by the VE, it is unclear whether the VE was referring to the job of assembler (DOT Number 369.687-010) or ampoule sealer (DOT Number 559.687-014), since the VE said "assembler" but listed the DOT Number for ampoule sealer.

The Commissioner urges that this is harmless error, arguing that the VE most likely meant "assembler," and that even the incorrect citation of ampoule sealer is a sedentary position that involves working with things rather than people. However, both the Commissioner and the Plaintiff have apparently overlooked the fact that the job of assembler is classified as light, rather than sedentary, work. *See* Dictionary of Occupational Titles, section 369.687-010, Assembler (4th ed. 1991) (stating that the "[p]hysical demand requirements are in excess of those for Sedentary Work"). In light of this, the Court cannot treat the ALJ's reliance on the VE's

erroneous testimony as harmless error. If the VE meant to designate the position of assembler, then *none* of the jobs identified by the VE satisfied the ALJ's hypothetical, and all have demands that exceed the Plaintiff's residual functional capacity as determined by the ALJ. Although it is possible that the VE meant to refer to the position of ampoule sealer, which is sedentary work that does not require significant dealings with people, the Court cannot assume this was what the VE meant. When the VE testified as to the availability of 78,000 nationwide jobs (R. 574), he may have been referring to jobs as an assembler, rather than jobs as an ampoule sealer. Even the Defendant acknowledges that the VE most likely meant "assembler." *See* Defendant's Memorandum at 19 ("Although it is quite possible to incorrectly cite the precise section in the DOT, it is highly unlikely that the vocational expert stated "assembler" but he really wanted to state "ampoule sealer"). Because the record is unclear as to whether jobs exist in significant numbers in the national economy that the Plaintiff can perform in light of her residual functional capacity, I find a remand is necessary on this limited issue. *See Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987) (remand for clarification)

One further comment is warranted. In questioning the VE, the ALJ failed to follow the dictates of Social Security Ruling 00-4p, which squarely addresses the manner for resolving apparent conflicts between the VE's testimony and the DOT.[5] That ruling requires the ALJ to

---

[4] The ruling states in pertinent part:

> Occupational evidence provided by a VE or VS generally should be consistent with the occupational information supplied by the DOT. When there is an apparent unresolved conflict between VE or VS evidence and the DOT, the adjudicator must elicit a reasonable explanation for the conflict before relying on the VE or VS evidence to support a determination or decision about whether the claimant is disabled. At the hearings level, as part of the

ask the VE whether any possible conflict exists between his testimony and the DOT, and if the testimony appears to conflict with the DOT to "elicit a reasonable explanation for the apparent conflict." That explanation is to be made on the record, and the ALJ should explain in his decision how the conflict was resolved. On remand, the ALJ should follow SSR 00-4p and "identify and resolve" any apparent conflicts. *See Hackett v. Barnhart*, 395 F.3d 1168, 1176 (10th Cir. 2005) (remanding to ALJ pursuant to SSR 00-4p when apparent conflict between VE's assessment that claimant limited to simple and repetitive tasks could perform certain jobs that DOT classified as reasoning level three); *Estrada v. Barnhart,* 417 F. Supp 1299 (M.D. Fla. 2006) (remanding due to conflicts between DOT and VE as to reasoning requirements for specific jobs); *Whitzell v. Barnhart*, 379 F.Supp. 2d 204, 219 (D. Mass. 2005) (remanding in accordance with SSR 00-4p where apparent conflict between limitation of "simple tasks" and jobs with reasoning level of two); and *Carter v. Barnhart*, 2005 WL 3263936 (D. Me. 2005) (remanding because ALJ's limitation to simple repetitive tasks and DOT's assigned reasoning level of three required ALJ to question the VE about the discrepancy).

*E. Conclusion*

Accordingly, it is hereby

ORDERED:

1.  The Commissioner's decision is REVERSED and the matter is REMANDED pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent

---

adjudicator's duty to fully develop the record, the adjudicator will inquire, on the record, as to whether or not there is such consistency.

SSR 00-4p (December 4, 2000).

with this Order.

2. The Clerk of Court is directed to enter judgment for the Plaintiff.

DONE AND ORDERED at Tampa, Florida on February 8, 2008.

/s/ Mark A. Pizzo
MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

cc: Counsel of Record